FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHAD M.,

         Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 2:17-CV-0184-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 20. Attorney Jeffrey Schwab represents Chad M. (Plaintiff); Special Assistant United States Attorney Nancy A. Mishalanie represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On July 30, 2013, Plaintiff filed an application for disability insurance benefits, alleging disability since August 16, 2010, due to a back injury and depression. Tr. 152, 176. Plaintiff's application was denied initially and upon reconsideration.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Moira Ausems held a hearing on June 23, 2015, Tr. 51-84, and issued an unfavorable decision on September 20, 2015, Tr. 20-36. The Appeals Council denied review on April 7, 2017. Tr. 1-6. The ALJ's September 2015 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 30, 2017. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on November 29, 1976, and was 33 years old on the alleged onset date, August 16, 2010. Tr. 152. He completed the ninth grade in school, attending special education classes, and had not completed any type of specialized job training, trade or vocational school. Tr. 68, 177. Plaintiff's disability report indicates he stopped working in 2010, because of his condition(s). Tr. 176. Plaintiff testified at the June 23, 2015, administrative hearing that back pain as a result of an injury and the need for rest breaks prevented him from being able to perform work. Tr. 81-82. He stated he experienced back pain "pretty much all day," and could lift only about five pounds without pain. Tr. 58. Plaintiff further indicated he did not believe he could walk a mile at one stretch. Tr. 62. He did not describe any mental health limitations at the administrative hearing.

Plaintiff stated his wife worked during the day, and he was responsible for caring for their twin two-year-old boys during that time. Tr. 59-60. Plaintiff testified he tried to help his wife as much as possible (e.g., grocery shopping), Tr. 64; however, he hired someone to take care of his yard, Tr. 65, his wife did the cooking, Tr. 66, and his teenage daughter was responsible for the housework and laundry, Tr. 66. He described his typical day as waking up at 6:00 a.m. with his twin toddlers, making them breakfast, and then spending the day ensuring his sons

were entertained (e.g., watching television or playing in the backyard).  Tr. 66-67.

He had been responsible for the daily care of his twin sons since their birth.  Tr. 60.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to

disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that physical or mental impairments prevent him from engaging in his previous occupation.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(v).

### ADMINISTRATIVE DECISION

On September 20, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, August 16, 2010.  Tr. 22.  At step two, the ALJ determined Plaintiff had the following severe impairments:  lumbar degenerative disc disease; borderline intellectual functioning; learning disorders of reading and written expression; depressive disorder, NOS; and somatic symptom disorder.  Tr. 22.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform light exertion level work with the following limitations:  he is limited to occasional postural activities; he cannot climb ladders, ropes, or scaffolds due to the exposure to hazards; he should avoid concentrated exposure to extreme cold and vibration; he should avoid exposure to unprotected heights, dangerous moving machinery, and commercial driving due to side effects of medication; he is capable of understanding, remembering and carrying out simple, routine tasks that do not require reading for the purpose of learning work-

related tasks; and he can have no more than superficial contact with the general public.  Tr. 25.

At step four, the ALJ determined Plaintiff could not perform his past relevant work as a pipe layer or machine molder.  Tr. 34.  However, at step five, the ALJ determined that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform other jobs present in significant numbers in the national economy, including the jobs of production assembler; cleaner, housekeeping; and sorter.  Tr. 34-35.  The ALJ additionally noted that if Plaintiff was further limited to standing and walking for no more than two out of eight hours, needing a sit/stand option for up to five minutes per hour without leaving the work station, being unable to lift or carry more than five pounds occasionally, and seldom (rarely) bending from the waist, he would still be capable of performing jobs in the assembly occupational base (with an erosion to 500,000 jobs) and hand packagers/packers occupation base (with an erosion to 175,000 jobs), as well as the jobs of graders and sorters of agricultural products with a representative job being mail sorter.  Tr. 35.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 16, 2010, the alleged onset date, through the date of the ALJ's decision, September 20, 2015.  Tr. 36.

## ISSUES

Plaintiff merely lists the issue before the Court as the ALJ's decision is not supported by substantial evidence, nor was the proper legal standard applied.  ECF No. 15 at 3.  The Court agrees that the question before the Court is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  However, Plaintiff's opening brief fails to adequately delineate specific issues he requests the Court to address.

///

After examining Plaintiff's briefing, the Court construes Plaintiff's argument as the ALJ erred in this case by (1) failing to give greater weight to the physical capacity evaluation reports of two physical therapists; and (2) determining at step five of the sequential evaluation process that Plaintiff had the physical and mental capacity to perform the jobs identified by the vocational expert.  ECF No. 15 at 4-13.

## DISCUSSION

**A.     Plaintiff's Symptom Testimony**

While Plaintiff does not challenge the ALJ's finding that Plaintiff's symptom testimony was not entirely credible, the Court finds the ALJ's adverse credibility determination significant in this case.

The ALJ indicated the following reasons for finding Plaintiff not fully credible:  the objective medical evidence of record did not support the level of impairment alleged by Plaintiff (*Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor)); Plaintiff's subjective allegations regarding symptoms and limitations were inconsistent with other evidence of record (*Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986) (inconsistencies in a disability claimant's testimony supports a decision by the ALJ that a claimant lacks credibility with respect to a claim of disabling pain)); Plaintiff's activities of daily living indicate he is not as limited as alleged (*Fair*, 885 F.2d at 603 (it is well-established that the nature of daily activities may be considered when evaluating credibility)); and there was evidence Plaintiff embellished his symptoms (*Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (finding that the ALJ's decision to discredit the claimant's statements was supported by the claimant's tendency to exaggerate)).  Tr. 26-28.

The rationale provided by the ALJ is fully supported by the record, and the ALJ's determination that Plaintiff's statements were not fully credible is

1  uncontested by Plaintiff.  *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d

2  1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a

3  party's opening brief are considered waived).  Since Plaintiff was properly found

4  by the ALJ to be not entirely credible, the ALJ appropriately accorded little weight

5  to Plaintiff's subjective complaints and description of disabling limitations.

6  **B.    Physical Therapist Opinions**

7         Plaintiff asserts the ALJ erred by failing to accord greater weight to the

8  functional capacity evaluations administered by physical therapist Steven

9  Mongeon on October 25, 2012, Tr. 447-461, and physical therapist Douglas K.

10 Harris on October 1, 2013, Tr. 573-580.  ECF No. 15 at 4-7.

11        Physical therapists are considered "other sources."  *Ghanim v. Colvin*, 763

12 F.3d 1154, 1161 (9th Cir. 2014); *Gomez v. Chater*, 74 F.3d 967, 970-971 (9th Cir.

13 1996); 20 C.F.R. §§ 404.1527(f), 416.927(f).  The opinion of an acceptable

14 medical source is given more weight than that of an "other source."  *Id.*  However,

15 the ALJ must still provide germane reasons for discounting the opinions of "other

16 sources."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Molina v.*

17 *Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Turner v. Comm'r of Soc. Sec.*

18 *Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

19        The ALJ accorded "no significant weight" to the physical therapists'

20 assessments and instead accorded weight to independent medical examinations

21 conducted by acceptable medical sources William Pace, M.D., on April 26, 2011,

22 Tr. 235-242, Daniel Seltzer, M.D., on March 31, 2012, Tr. 293-303, and Richard

23 Marks, M.D., James Champoux, M.D., and Roy Clark, M.D., on February 14,

24 2013, Tr. 308-332, and to reviewing physician Dennis Stumpp, M.D., Tr. 685-688.

25 Tr. 31-33.

26        While Plaintiff contends that the other source opinions of the physical

27 therapists should have been accorded greater weight, Plaintiff fails to discuss or

28 challenge the opinions of the acceptable medical sources of record, Drs. Stumpp,

Pace, Seltzer, Marks, Champoux and Clark. Arguments not specifically and distinctly made in an opening brief are waived. *Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Paladin Assocs., Inc.,* 328 F.3d at 1164 (issues not specifically and distinctly contested in a party's opening brief are considered waived). Consequently, the ALJ's reliance on the opinions of the above acceptable medical sources was proper. These medical professionals restricted Plaintiff to no greater than a reduced range of light exertion level work.

The ALJ also provided germane reasons for discounting the opinions of the two physical therapists that Plaintiff had a physical capacity at the sedentary demand level. The ALJ noted the opinion of Dr. Stumpp that the physical therapists' physical capacities evaluations should be considered invalid due to Plaintiff's demonstrated self-limiting behavior (Plaintiff "demonstrated symptom exaggeration behavior by Blankenship's criteria") and additionally that the assessments were internally inconsistent at times (limited Plaintiff to sedentary work, yet finding Plaintiff could stand and walk for three hours in an eight-hour day and noting Plaintiff reported he spent nine hours standing or walking in a typical 24-hour period). Tr. 32. The Court finds the ALJ properly considered and articulated germane reasons for discounting the opinions of the physical therapists.

The restriction to a limited range of sedentary work as opined by the two physical therapists is not supported by the weight of the record evidence. Substantial evidence supports the ALJ's determination that Plaintiff retained the capacity to perform light exertion level work with certain postural and environmental limitations; no acceptable medical source has assessed greater physical limitations. Accordingly, the ALJ did not err with respect to his findings regarding Plaintiff's physical functioning capacity.

///

///

///

## C. Step Five

Plaintiff next contends the ALJ erred at step five of the sequential evaluation process. ECF No. 15 at 7-13. Plaintiff asserts the mental limitations established by the objective testing of Thomas Rowe, Ph.D., and the physical limitations expressed in the opinions of the two physical therapists exceed the physical and mental requirements of the jobs identified by the vocational expert. *Id*.

As determined above, the ALJ did not err by rejecting the opinions of the physical therapists pertaining to Plaintiff's physical functioning and instead relying on the opinions of acceptable medical sources. *Supra*. As such, the ALJ's RFC determination with respect to Plaintiff's physical functioning capacity is supported by substantial evidence and free of error.

With regard to Plaintiff's mental functional capacity, the ALJ indicated Plaintiff alleged disabling depression, but failed to describe any mental health limitations at the administrative hearing, Tr. 29, and had not sought or received any mental health counseling, Tr. 30. The ALJ credited the psychological assessment conducted by Dr. Rowe on August 27, 2014, Tr. 581-588, and the February 14, 2013 observations of psychiatrist Dr. Clark, Tr. 325-327, to conclude Plaintiff retained the mental capacity to understand, remember and carry out simple routine tasks that did not require reading for the purpose of learning work-related tasks and could have no more than superficial contact with the general public. Tr. 25, 29-30, 33-34.

Plaintiff argues that based on the examination results of Dr. Rowe, he is not able to meet the mental demand, or General Educational Development (GED), of the jobs identified by the vocational expert in this case. ECF No. 15 at 9-13. With specific regard to the results of Dr. Rowe's mental examination, the ALJ stated it showed significant deficits in intellectual functioning; however, Plaintiff was able to comprehend test instructions, had logical, goal-directed thought processes, earned 27/30 on the Mini-Mental State exam in 2013, Tr. 326 (a performance

about one standard deviation below the mean for his peers by years of schooling and by years of age), and had a work history indicative of a high level of adaptive functioning notwithstanding any intellectual deficits. Tr. 33. The ALJ thus limited Plaintiff to work that only included "simple routine tasks that do not require reading for the purpose of learning work-related tasks." Tr. 25. Plaintiff does not specifically challenge this mental RFC determination. *See Paladin Assocs., Inc.*, 328 F.3d at 1164. Given the ALJ's RFC determination, based in part on the assessments of Drs. Rowe and Clark, the vocational expert testified that a significant number of jobs existing in the national economy that Plaintiff could perform.[1] Tr. 76-80. Since the vocational expert's testimony was based on a proper RFC determination by the ALJ, the Court finds the ALJ did not err at step five of the sequential evaluation process.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

///

---

[1]Even if the jobs identified by the ALJ were inconsistent with the mental limitations defined in the Dictionary of Occupational Titles (DOT), as seemingly alleged by Plaintiff, the vocational expert indicated his testimony was based on over 30 years' experience as a vocational specialist and on sources such as labor market surveys and job analyses. Tr. 79; *see Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (an ALJ may rely on vocational expert testimony that contradicts the DOT when the record contains persuasive evidence to support the deviation).

1    2.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2    The District Court Executive is directed to file this Order and provide a copy

3 to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant

4 and the file shall be **CLOSED**.

5    DATED June 4, 2018.

6



7    _____

8                          JOHN T. RODGERS
                           UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28